B6 Summary (Official Form 6 - Summary) (12/14)

.

# United States Bankruptcy Court
## Middle District of Florida, Tampa Division

In re    Roger Alfred Knauf                              ,       Case No.    8:15-bk-10087
                                            Debtor              Chapter         7

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 1,801,345.00 | | |
| B - Personal Property | Yes | 8 | 157,678.00 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 1,593,269.75 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 197,768.16 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | 875,357.19 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 3,400.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 8,295.33 |
| Total Number of Sheets of ALL Schedules | | 27 | | | |
| Total Assets | | | 1,959,023.00 | | |
| Total Liabilities | | | | 2,666,395.10 | |

B 6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## Middle District of Florida, Tampa Division

In re     Roger Alfred Knauf                                      ,      Case No.      8:15-bk-10087

_____
Debtor

Chapter                    7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | |
| Average Expenses (from Schedule J, Line 22) | |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re    Roger Alfred Knauf                                                                    ,    Case No.    8:15-bk-10087
_____
Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Homestead property located at 2832 Chelsea Place N., Clearwater, Florida 33759 | Fee simple | H | 550,000.00 | 755,637.00 |
| 50% interest in property with lodge located at 246 210th Ave., Comstock, WI  (Debtor's ownership interest is 50% with Christopher Winkler and Robert Johnson each owning 25% - value stated is total value per appraisal) . Mortgage on the property is in rem only as to Debtor; Debtor has no in personam personal liability. May be subject to equitable claims or liens by co-owners. Ultimate purpose was speculation/resale for profit. | Fee simple | J | 1,125,000.00 | 803,057.11 |
| 50% of 1/10th interest in unimproved 38 Acres in Johnson, WI adjacent to lodge property above. This 1/10 interest is equitably owned by the same persons in the same percentages as the lodge property . Tax assessed value of entire property is stated. May be subject to equitable claims or liens by co-owners. | Fee simple | J | 72,500.00 | 0.00 |
| 50% equitable interest in unimproved lot in Marion County, Florida (jointly owned with Harris Schmidt). Tax assessed value of entire property is stated. May be subject to equitable claims or liens by co-owner. | Fee simple | J | 3,100.00 | 0.00 |
| 50% interest in two unimproved lots in Barron County, WI. (jointly owned with Harris Schmidt.) Estimated value of entire property is stated.  May be subject to equitable claims or liens by co-owner. | Fee simple | J | 17,000.00 | 851.96 |
| Three unimproved lots in Citrus County, Florida - tax appraised value stated (Jointly owned with wife as tenants by the entireties. Debtor separately owns no value; fair value of the entire property is stated.  This property is excepted from property of the estate as tenancy by the entireties.) | Fee simple | J | 33,745.00 | 940.81 |

|  |  |
|---|---|
| Sub-Total > | 1,801,345.00 | (Total of this page) |
| Total > | 1,801,345.00 | |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re    Roger Alfred Knauf                                                  ,    Case No.    8:15-bk-10087
                                  Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Regions Bank<br>Checking Account no ****9083 (overdrawn) | H | 0.00 |
| | | Regions Bank<br>Checking Account #****7549 - "Household Account" in wife's name (overdrawn)<br>(Jointly owned with wife as tenants by the entireties. Debtor separately owns no value; fair value of the entire property is stated. This property is excepted from property of the estate as tenancy by the entireties.) | W | 0.00 |
| | | Chase Bank<br>checking acct.****1078 - $89.65 on hold, overdrawn by garnishment. | - | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Misc. household goods and furnishings - see Attachment B-4<br>(Jointly owned with wife as tenants by the entireties. Debtor separately owns no value; fair value of the entire property is stated. This property is excepted from property of the estate as tenancy by the entireties.) | J | 2,980.00 |
| | | 50% ownership of furniture and furnishings at Wisconsin lodge (provided second hand from other owners' homes).Full value stated. Also pontoon boat - see no. 25, infra | H | 3,000.00 |

|  | Sub-Total >  | 5,980.00 |
|---|---|---|
|  | (Total of this page) |  |

  6   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                  Best Case Bankruptcy

### ATTACHMENT B-4:  MISC. HOUSEHOLD GOODS & FURNISHINGS

| | |
|---|---:|
| 2 sofas | $300.00 |
| living room chair | $50.00 |
| table | $50.00 |
| Stereo | $200.00 |
| TV | $400.00 |
| VCR | $50.00 |
| refrigerator | $100.00 |
| stove | $100.00 |
| Microwave | $20.00 |
| Table and four chairs | $75.00 |
| Misc. pots/ans/dishes | $50.00 |
| Diningroom table and chairs | $200.00 |
| Washer and dryer | $200.00 |
| Beds | $230.00 |
| Dresser | $10.00 |
| 4 nightstands | $100.00 |
| lamps | $75.00 |
| TV | $20.00 |
| patio furniture | $300.00 |
| 2 desks | $50.00 |
| pictures | $200.00 |
| Weedeater and blower | $10.00 |
| Misc yard and garden tools | $50.00 |
| Misc power tools | $40.00 |
| Computer and printer | $75.00 |
| Desk/chair | $25.00 |
| **TOTAL** | **$2,980.00** |

B6B (Official Form 6B) (12/07) - Cont.

In re     Roger Alfred Knauf                                              ,     Case No.     8:15-bk-10087
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Misc CDs and DVDs (jointly owned with nonfiling spouse) (Jointly owned with wife as tenants by the entireties. Debtor separately owns no value; fair value of the entire property is stated.  This property is excepted from property of the estate as tenancy by the entireties.) | J | 30.00 |
| 6. Wearing apparel. | | Misc. men's wearing apparel and accessories | H | 100.00 |
| 7. Furs and jewelry. | | 2 rings - $300 watch - $50 | H | 350.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Golf clubs | H | 50.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Metropolitan Life Ins. Co. Term life insurance - no cash surrender value | H | 0.00 |
| | | AXA Term life insurance - no cash surrender value | H | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Raymond James IRA | H | 960.00 |
| | | Prudential IRA | H | 2,925.13 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 50% membership interest in Peak Advantage, LLC (remaining 50% owned by Barry Lockwood) - never funded; never did business; no assets | J | 0.00 |

Sub-Total >          4,415.13
(Total of this page)

Sheet   1   of   6   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re     Roger Alfred Knauf , Case No.    8:15-bk-10087
                                                                   Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | 50% membership interest in Peak Asset Management, LLC is owned jointly with Debtor's nonfiling spouse. Remaining 50% is owned by Barry Lockwood. (Debtor's 50% interest is owned with wife as tenants by the entireties. Debtor separately owns no value; fair value of the entire property is stated.  This property is excepted from property of the estate as tenancy by the entireties.)<br>  This entity did business in the past by purchasing debt for collection. Collection inventory is old and largely depleted. The actual collection agent is Full Circle Financial Services, LLC. Peak occasionally finds other customers for Full Circle and receives "participation revenue" as those debts are collected.  Some "participation revenues" are still being received. Currently, a total of approximately $5000/mo is being received from both sources. Both sources are diminishing and are not subject to resale. Debtor estimates the remaining value of these incomes at $80,000. There is also a note receivable for approximately $18,000, for a total value of approximately $100,000. Mr. Lockwood is entitled to $60,000 in dividends for break even. The remaining $40,000 would belong $20,000 to Mr. Lockwood and $20,000 to Debtor and his wife as tenants by the entireties, which value is stated. | J | 20,000.00 |
| | | 50% membership interest in CLW Investment Group, LLC (remaining 50% owned by Barry Lockwood) This LLC's only asset is a note receivable for approximately $18,000, and it owes the same amount to Peak Asset Management, LLC - no net value | J | 0.00 |
| | | 50% membership interest in DS Data Services, LLC (remaining 50% owned by Barry Lockwood) - Not doing business; no assets. | J | 0.00 |
| | | 50% membership interest in DS Portfolio Management, LLC (remaining 50% owned by Barry Lockwood). Most debt held is out of statute. Estimated total value is $20,000. Debtor's 50% interest is stated | J | 10,000.00 |

Sub-Total >       30,000.00
(Total of this page)

Sheet    2    of    6    continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    Roger Alfred Knauf                                                                    ,    Case No.    8:15-bk-10087
                                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | 50% membership interest in RAK Group, LLC (remaining 50% owned by Barry Lockwood) This entity owns 51% of Barent Marketing Group, Inc., a Turks and Caicos corporation;  the remaining 49% is owned by Ranjet Malek. Barent Marketing Group has no assets and does no business except it has100% ownership of Full Circle Financial Services, LLC, a functioning collection agency. Full Circle owns no land, vehicles, or physical assets other than office equipment, telephones, computers, etc. Revenue is generated on a contingency basis, but the entire debt buying and collecting industry has been hugely reduced by burdensom regulation and licensing requirements and constraints created by data breach concerns. Debtor does not believe there would be a market for sale of this business. | J | Unknown |
| | | 25% membership interest in Clearwater Debt Investment II, LLC (remaining interests owned by Barry Lockwood (25%), Robert Johnson (22.5%), Christopher Winkler (22.5%) and Todd Anderson (5%)) This entity did several "participation" deals in 2007 and 2008. Residual receipts are currently approximately $750/mo. and diminishing. Debtor's estimate ofthe value of his 25% interest is stated. | J | 3,500.00 |
| | | 1/3 membership interest in Clearwater Debt Investment I, LLC (remaining 2/3 owned by Robert Johnson (1/3) and Christopher Winkler (1/3) This entity did one "participation" deal in 2007. Remaining residual from eight years is now approximately $200/mo. and diminishing. Estimated value of Debtor's interest is stated | J | 1,000.00 |
| | | 25% membership interest in R&M Property Leasing and Rentals, LLC. Debtor's nonfiling spouse owns 25%; the remaining 50% interest is owned by Matt Pilz.   This entity owns three buildings whose tax appraised values aggregate approximately $275,000, but Debtor believes the actual value is substantially less; the LLC overpaid for these properties. There are no mortgages, but Debtor and Matt Pilz are each owed $65,000. Value of Debtor's 25% interest is unknown. | J | Unknown |
| | | 50% membership interest in Ron & Rog Enterprises, LLC (remaining 50% owned by Ron Piccinini) This entity owns a 2007 Chapparal 26 ft boat and trailer purchased for $18,000. There are ongoing storage charges, which Mr. Piccinini has been paying. He may have an equitable charge or claim. | J | 9,000.00 |

Sub-Total >         13,500.00
(Total of this page)

Sheet   3   of   6   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    Roger Alfred Knauf                                              ,          Case No.    8:15-bk-10087
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | 100% membership interest in Envoy Enterprises, LLC - This entity formerly owned properties now foreclosed. No assets | H | 0.00 |
| | | 50% membership interest in Pipe Dream Partners, LLC (remaining 50% owned by Christopher Winkler 25% and Robert Johnson 25%). This entity is a pass-through for ownership expenses of the Wisconsin lodge property listed in Schedule A. Expenses for taxes, insurance, maintenance, etc., are remitted by the owners of the lodge and paid by this entity. This entity does no other business and has no other assets. | J | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | R&M Property Leasing and Rentals, LLC owes Debtor $65,000. (see no. 13, supra) | J | 65,000.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Judgment against Clay's Car Wash | H | 1,000.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >        66,000.00
(Total of this page)

Sheet    4    of    6    continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    Roger Alfred Knauf                                  ,        Case No.    8:15-bk-10087

                            Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2011 Chevrolet Suburban (subject to security int. of Santander in the amt. of $21,182.87) | H | 21,182.87 |
| | | 2007 Chevrolet Equinox (150,000 mi) | H | 3,500.00 |
| 26. Boats, motors, and accessories. | | 15 yr old pontoon boat and 30 HP motor titled in Debtor's name. Oral agreement with other lodge owners that Debtor owns 50%, same as furnishings in no. 4, supra. Full value of boat and motor is stated | J | 3,000.00 |
| | | 2 snowmobiles (1997 Arctic CAT and 1996 Polaris) | - | 600.00 |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

Sub-Total >        28,282.87
(Total of this page)

Sheet   5   of   6   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    Roger Alfred Knauf                                                ,    Case No.    8:15-bk-10087
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35.  Other personal property of any kind not already listed. Itemize. | | Wyndham Tennessee timeshare located in Fairfield Glades, TN - 400,000 points per year. Subject to a purchase money mortgage of $11,600.<br>(Jointly owned with wife as tenants by the entireties. Debtor separately owns no value; fair value of the entire property is stated.  This property is excepted from property of the estate as tenancy by the entireties.) | - | 9,500.00 |

|  | Sub-Total > | 9,500.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 157,678.00 |

Sheet  __6__  of  __6__  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/13)

.

In re    Roger Alfred Knauf                                                                    ,        Case No.    8:15-bk-10087
                                                                    Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                    $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                                                *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| Homestead property located at 2832 Chelsea Place N., Clearwater, Florida 33759 | Fla. Const. Art. X § 4(a)(1); F.S. § 222.01, F.S. § 222.02, F.S. § 222.05 | 100% | 550,000.00 |
| Three unimproved lots in Citrus County, Florida - tax appraised value stated (Jointly owned with wife as tenants by the entireties. Debtor separately owns no value; fair value of the entire property is stated.  This property is excepted from property of the estate as tenancy by the entireties.) | Excepted from property of the estate as Tenants by the Entireties property | 100% | 33,745.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Regions Bank Checking Account #****7549 - "Household Account" in wife's name (overdrawn) (Jointly owned with wife as tenants by the entireties. Debtor separately owns no value; fair value of the entire property is stated.  This property is excepted from property of the estate as tenancy by the entireties.) | Excepted from property of the estate as Tenants by the Entireties property | 100% | 0.00 |
| **Household Goods and Furnishings** | | | |
| Misc. household goods and furnishings - see Attachment B-4 (Jointly owned with wife as tenants by the entireties. Debtor separately owns no value; fair value of the entire property is stated.  This property is excepted from property of the estate as tenancy by the entireties.) | Excepted from property of the estate as Tenants by the Entireties property | 100% | 2,980.00 |
| **Wearing Apparel** | | | |
| Misc. men's wearing apparel and accessories | Fla. Const. Art. X, § 4(a)(2) | 100.00 | 100.00 |
| **Furs and Jewelry** | | | |
| 2 rings - $300 watch - $50 | Fla. Const. Art. X, § 4(a)(2) | 350.00 | 350.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| Golf clubs | Fla. Const. Art. X, § 4(a)(2) | 50.00 | 50.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| Raymond James IRA | 29 U.S.C. § 101 et seq (ERISA), F.S. § 222.14, F.S. 222.21, F.S. 222.201 | 100% | 960.00 |
| Prudential IRA | 29 U.S.C. § 101 et seq (ERISA), F.S. § 222.14, F.S. 222.21, F.S. 222.201 | 100% | 2,925.13 |

  1  continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/13) -- Cont.

In re    Roger Alfred Knauf                                                    ,    Case No.    8:15-bk-10087
                                      Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Stock and Interests in Businesses** | | | |
| 50% membership interest in Peak Asset Management, LLC is owned jointly with Debtor's nonfiling spouse. Remaining 50% is owned by Barry Lockwood. (Debtor's 50% interest is owned with wife as tenants by the entireties. Debtor separately owns no value; fair value of the entire property is stated.  This property is excepted from property of the estate as tenancy by the entireties.)  This entity did business in the past by purchasing debt for collection. Collection inventory is old and largely depleted. The actual collection agent is Full Circle Financial Services, LLC. Peak occasionally finds other customers for Full Circle and receives "participation revenue" as those debts are collected.  Some "participation revenues" are still being received. Currently, a total of approximately $5000/mo is being received from both sources. Both sources are diminishing and are not subject to resale. Debtor estimates the remaining value of these incomes at $80,000. There is also a note receivable for approximately $18,000, for a total value of approximately $100,000. Mr. Lockwood is entitled to $60,000 in dividends for break even. The remaining $40,000 would belong $20,000 to Mr. Lockwood and $20,000 to Debtor and his wife as tenants by the entireties, which value is stated. | Excepted from property of the estate as Tenants by the Entireties property | 100% | 20,000.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2007 Chevrolet Equinox (150,000 mi) | F.S. § 222.25(1)<br>Fla. Const. Art. X, § 4(a)(2) | 1,000.00<br>500.00 | 3,500.00 |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| Wyndham Tennessee timeshare located in Fairfield Glades, TN - 400,000 points per year. Subject to a purchase money mortgage of $11,600).<br>(Jointly owned with wife as tenants by the entireties. Debtor separately owns no value; fair value of the entire property is stated.  This property is excepted from property of the estate as tenancy by the entireties.) | Excepted from property of the estate as Tenants by the Entireties property | 100% | 9,500.00 |
| | Total: | 61,669.32 | 624,110.13 |

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re     Roger Alfred Knauf                                    ,     Case No.     8:15-bk-10087
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | | |
| Account No.<br><br>Associated Bank<br>433 Main Street<br>Green Bay, WI 54301 | X | - | | | Debtor's 50% interest in lodge property at 246 210th Ave.,  Comstock, WI Ultimate purpose was speculation/resale for profit. In Rem Liability Only. Debtor has no personal liability.<br><br>Value $                1,125,000.00 | | | | 803,057.11 | 0.00 |
| Account No.<br><br>Barron County Treasurer<br>335 E. Monroe Ave., Suite 2412<br>Barron, WI 54812-6280 | X | J | | | Real Property tax lien<br><br>Two unimproved lots in Barron County, Wisconsin<br><br>Value $                   17,000.00 | | | | 851.96 | 0.00 |
| Account No.<br><br>Citrus County Tax Collector<br>210 N Apopka Avenue, Suite 100<br>Inverness, FL 34450-4298 | X | - | | | Real Property tax lien<br><br>Three unimproved lots in Citrus County, Florida<br><br>Value $                   33,745.00 | | | | 940.81 | 0.00 |
| Account No.<br><br>John C. and Rita Williams, Partners<br>3659 Homestead Road<br>Tallahassee, FL 32309 | | | | | Additional notice to:<br>Citrus County Tax Collector<br><br>Value $ | | | | Notice Only | |

|   1    continuation sheets attached | Subtotal<br>(Total of this page) | 804,849.88 | 0.00 |
|---|---|---|---|

B6D (Official Form 6D) (12/07) - Cont.

In re    Roger Alfred Knauf                                              ,    Case No.    8:15-bk-10087
                                                        Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. | | | | | | | | | |
| Rajendra Gupta 14221 Lake Candlewood Court Hialeah, FL 33014 | | | | Additional notice to: Citrus County Tax Collector | | | | Notice Only | |
| | | | | Value $ | | | | | |
| Account No. ****5896 | | | | Secured interest in automobile | | | | | |
| Santander Consumer USA P.O. Box 660633 Dallas, TX 75266-0633 | | - | | 2011 Chevy Suburban | | | | | |
| | | | | Value $          21,182.87 | | | | 21,182.87 | 0.00 |
| Account No. 1006579167 | | | | First Mortgage | | | | | |
| Specialized Loan Servicing, LLC 8742 Lucent Blvd. Suite 300 Littleton, CO 80129 | | - | | Homestead property located at 2832 Chelsea Place N., Clearwater, Florida 33759 | | | | | |
| | | | | Value $          550,000.00 | | | | 755,637.00 | 205,637.00 |
| Account No. | | | | Purchase Money Security | | | | | |
| Wyndham Vacation Resorts 8727 South Park circle Orlando, FL 32819 | | X | J | Wyndham Tennessee timeshare located in Fairfield Glades, TN - 400,000 points per year. | | | | | |
| | | | | Value $          9,500.00 | | | | 11,600.00 | 2,100.00 |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | 788,419.87 | 207,737.00 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 1,593,269.75 | 207,737.00 |

B6E (Official Form 6E) (4/13)

In re    Roger Alfred Knauf                                                    ,    Case No.    8:15-bk-10087
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____1_____    continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re      Roger Alfred Knauf                                              ,          Case No.      8:15-bk-10087
                                   Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | X | - | Federal Income Tax due for 2013 | | | | 86,582.92 | 0.00 | 86,582.92 |
| Account No.<br><br>Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | X | - | Federal Income Tax due for 2014 | | | | 111,185.24 | 0.00 | 111,185.24 |
| Account No.<br><br> | | | | | | | | | |
| Account No.<br><br> | | | | | | | | | |
| Account No.<br><br> | | | | | | | | | |

Sheet  1   of  1   continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 197,768.16 | 0.00 197,768.16 |
| Total (Report on Summary of Schedules) | 197,768.16 | 0.00 197,768.16 |

B6F (Official Form 6F) (12/07)

In re    Roger Alfred Knauf                                                    ,    Case No.    8:15-bk-10087
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. ****6004  American Express P.O. Box 650448 Dallas, TX 75265 | | H | | | credit card | | | | 15,493.01 |
| Account No.  Barry Lockwood 108 Camille Court Oldsmar, FL 34677 | - | | | | Possible claims arising out of joint ownership of businesses | | | X | Unknown |
| Account No. ****9323  BMO Harris Bank 180 Executive Drive Brookfield, WI 53005 | | H | | | credit card | | | | 37,776.21 |
| Account No. ****4536  BMO Harris Bank 180 N. Executive Drive Brookfield, WI 53005 | X | J | | | credit card - personal guarantee of corporate debt | | | | 55,370.34 |

__4__  continuation sheets attached

Subtotal
(Total of this page)                                                    108,639.56

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    S/N:24056-151005    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re     Roger Alfred Knauf                                                    ,     Case No.     8:15-bk-10087
_____                                    _____
                                         Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H | W J C | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> BMO Harris Bank <br> c/o Allied International Credit Corp. <br> 100 Eastshore Drive #300 <br> Glen Allen, VA 23059 | | | | Additional notice to: <br> BMO Harris Bank | | | | Notice Only |
| Account No. <br><br> CBIZ, MHM LLC <br> 3577 Feather Sound Dr., #400 <br> Clearwater, FL 33762 | X | J | | corporate accounting services - possible personal liability for corporate debt | | | X | 2,750.00 |
| Account No. <br><br> Gassman Law Associates <br> P.O. Box 4009 <br> Clearwater, FL 33758 | X | J | | corporate legal fees - possible personal guarantee of corporate debt | | | X | 796.49 |
| Account No. ****5028 <br><br> Innisbrook Resort & Golf Club <br> 36750 US Highway 19 N. <br> Palm Harbor, FL 34684 | - | | | Gold club membership and dues | | | | 1,047.84 |
| Account No. <br><br> Joel Treuhaft, Esq. <br> 2274 FL-580 <br> Clearwater, FL 33763 | X | J | | corporate legal fees - possible personal liability for corporate debt | | | X | Unknown |

Sheet no. __1__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

4,594.33

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    Roger Alfred Knauf    ,    Case No.    8:15-bk-10087
                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | corporate legal fees - possible personal guarantee for corporate debt | | | | |
| Johnson Pope Bokor Ruppel & Burns 911 Chestnut Street Clearwater, FL 33756-1368 | X | | J | | | | X | |
| | | | | | | | | 617.50 |
| Account No. | | | | Possible claims arising out of joint ownership of businesses | | | | |
| Matt Pilz 710 1st Avenue SW Largo, FL 33770 | - | | | | | | X | |
| | | | | | | | | Unknown |
| Account No. | | | | State income tax for 2009 | | | | |
| Minnesota Dept. of Revenue 600 N. Robert Street Saint Paul, MN 55101 | - | | | | | | | |
| | | | | | | | | 63,683.85 |
| Account No. ****4080 | | | | Business iine of credit - personal guarantee of corporate debt | | | | |
| Regions Bank P.O. Box 1984 Birmingham, AL 35201 | X | | J | | | | | |
| | | | | | | | | 25,994.64 |
| Account No. | | | | Possible claims arising out of joint ownership of LLC | | | | |
| Ronald Piccinini 147 Brookside Court Palm Harbor, FL 34683 | - | | | | | | X | |
| | | | | | | | | Unknown |

Sheet no.  2  of  4  sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

90,295.99

B6F (Official Form 6F) (12/07) - Cont.

In re    Roger Alfred Knauf                                                    ,        Case No.    8:15-bk-10087
                                         Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | H | W J C | | | | | | |
| Account No. | | | | | deficiency judgment on real property foreclosure-personal guarantee of corporate debt | | | | |
| RREF RB-FL RAK, LLC 790 NW 107th Avenue, Ste 400 Miami, FL 33172 | X | | J | | | | | | 433,010.78 |
| Account No. | | | | | Additional notice to: RREF RB-FL RAK, LLC | | | | |
| RREF RB-FL RAK, LLC c/o Ben Harris, Esq. Jones Walker, LLP 201 South Biscayne Blvd. Miami, FL 33131 | | | | | | | | | Notice Only |
| Account No. ****7225 | | | | | Deficiency on repossessed boat (boat used primarily for business entertainment/networking) | | | | |
| Santander P.O. Box 16255 Reading, PA 19612 | | H | | | | | | | 67,015.95 |
| Account No. ****0223 | | | | | credit card | | | | |
| Santander Card Services P.O. Box 12768 Reading, PA 19612 | | H | | | | | | | 4,028.04 |
| Account No. | | | | | Deficiency judgment on real estate forecosure-personal guarantee of corporate debt | | | | |
| Valley National Bank As Successor to 1st United Bank 1700 Palm Beach Lakes Blvd. Suite 1000 West Palm Beach, FL 33401 | X | | J | | | | | | 167,772.54 |

Sheet no.  3  of  4  sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

671,827.31

B6F (Official Form 6F) (12/07) - Cont.

In re   Roger Alfred Knauf                                      ,      Case No.   8:15-bk-10087
                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W J C | | | | | | |
| Account No. | | | | | | | | |
| Valley National Bank c/o Katrina Sosa, Esq. Piedra & Associates, P.A. 201 Alhambra Circle, Suite 1200 Miami, FL 33134 | | | | Additional notice to: Valley National Bank | | | | Notice Only |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

| Sheet no. 4 of 4 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | 0.00 |
| | Total (Report on Summary of Schedules) | 875,357.19 |

B6G (Official Form 6G) (12/07)

In re    Roger Alfred Knauf                                          ,    Case No.    8:15-bk-10087
                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re    Roger Alfred Knauf                                                    , Case No.    8:15-bk-10087
                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Christopher Winkler<br>11587 Avery Drive<br>Inver Grove Heights, MN 55077 | Associated Bank<br>433 Main Street<br>Green Bay, WI 54301 |
| Debra D. Knauf<br>2832 Chelsea Place N.<br>Clearwater, FL 33759 | Wyndham Vacation Resorts<br>8727 South Park circle<br>Orlando, FL 32819 |
| Debra D. Knauf<br>2832 Chelsea Place N.<br>Clearwater, FL 33759 | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Debra D. Knauf<br>2832 Chelsea Place N.<br>Clearwater, FL 33759 | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Debra D. Knauf<br>2832 Chelsea Place N.<br>Clearwater, FL 33759 | Citrus County Tax Collector<br>210 N Apopka Avenue, Suite 100<br>Inverness, FL 34450-4298 |
| Envoy Enterprises, LLC<br>710 1st Avenue SW<br>Largo, FL 33770 | Valley National Bank<br>As Successor to 1st United Bank<br>1700 Palm Beach Lakes Blvd.<br>Suite 1000<br>West Palm Beach, FL 33401 |
| Envoy Enterprises, LLC<br>710 1st Avenue SW<br>Largo, FL 33770 | RREF RB-FL RAK, LLC<br>790 NW 107th Avenue, Ste 400<br>Miami, FL 33172 |
| Envoy Enterprises, LLC<br>710 1st Avenue SW<br>Largo, FL 33770 | BMO Harris Bank<br>180 N. Executive Drive<br>Brookfield, WI 53005 |
| Envoy Enterprises, LLC<br>710 1st Avenue SW<br>Largo, FL 33770 | Regions Bank<br>P.O. Box 1984<br>Birmingham, AL 35201 |
| Envoy Enterprises, LLC<br>710 1st Avenue SW<br>Largo, FL 33770 | Johnson Pope Bokor Ruppel & Burns<br>911 Chestnut Street<br>Clearwater, FL 33756-1368 |
| Envoy Enterprises, LLC<br>710 1st Avenue SW<br>Largo, FL 33770 | Gassman Law Associates<br>P.O. Box 4009<br>Clearwater, FL 33758 |

1

_____ continuation sheets attached to Schedule of Codebtors

In re    Roger Alfred Knauf                                                          ,    Case No.    8:15-bk-10087
                                              Debtor

# SCHEDULE H - CODEBTORS
### (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Envoy Enterprises, LLC<br>710 1st Avenue SW<br>Largo, FL 33770 | CBIZ, MHM LLC<br>3577 Feather Sound Dr., #400<br>Clearwater, FL 33762 |
| Envoy Enterprises, LLC<br>710 1st Avenue SW<br>Largo, FL 33770 | Joel Treuhaft, Esq.<br>2274 FL-580<br>Clearwater, FL 33763 |
| Harris Schmidt<br>252 210th Ave<br>Comstock, WI 54826 | Barron County Treasurer<br>335 E. Monroe Ave., Suite 2412<br>Barron, WI 54812-6280 |
| Robert Johnson<br>8787 E. Whispering Winds Dr.<br>Scottsdale, AZ 85255 | Associated Bank<br>433 Main Street<br>Green Bay, WI 54301 |

Sheet    1    of    1    continuation sheets attached to the Schedule of Codebtors

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Roger Alfred Knauf |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION |
| Case number (If known) | 8:15-bk-10087 |

Check if this is:
☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

## Official Form B 6I
## Schedule I: Your Income
12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed  ☐ Not employed | ■ Employed  ☐ Not employed |
| Occupation | self employed | self employed |
| Employer's name | Peak Asset Management, LLC | Gulfview Property Management |
| Employer's address | 710 1st Avenue SW Clearwater, FL 33759 | 1280 Druid Rd. E. Clearwater, FL 33756 |
| How long employed there? | 5 years | 20 years |

### Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. $ 0.00 | $ 0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross Income.  Add line 2 + line 3. | 4. $ 0.00 | $ 0.00 |

Debtor 1    Roger Alfred Knauf                                             Case number (if known)    8:15-bk-10087

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| **Copy line 4 here** | | 4. | $ 0.00 | $ 0.00 |

5. **List all payroll deductions:**

| | | | | |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ 0.00 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. | **Insurance** | 5e. | $ 0.00 | $ 0.00 |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. | **Other deductions.** Specify: _____ | 5h.+ | $ 0.00 + | $ 0.00 |

6. **Add the payroll deductions.**  Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $ 0.00    $ 0.00

7. **Calculate total monthly take-home pay.**  Subtract line 6 from line 4.    7.    $ 0.00    $ 0.00

8. **List all other income regularly received:**

| | | | | |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 3,400.00 |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ 0.00 |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. | **Other monthly income.** Specify: _____ | 8h.+ | $ 0.00 + | $ 0.00 |

9. **Add all other income.**  Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $ 0.00    $ 3,400.00

10. **Calculate monthly income.**  Add line 7 + line 9.    10.    $ 0.00  +  $ 3,400.00  =  $ 3,400.00
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in Schedule J.**
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
    Specify: _____    11.  +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.**  The result is the combined monthly income.
    Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies    12.    $ 3,400.00

    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ☐ No.
    ☑ Yes. Explain:    Debtor's personal income has come from various business entities described on Schedule B. As of the petition filing, Debtor ceased taking money from these entities and neither he nor the tenants by the entirities interests are receiving distributions. However, in the future, Debtor expects to be working for one or more of these entities in cooperation with the trustee.

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Roger Alfred Knauf |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION |
| Case number (If known) | 8:15-bk-10087 |

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J
## Schedule J: Your Expenses                                            12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No
       ☐ Yes. Debtor 2 must file a separate Schedule J.

2.  **Do you have dependents?**   ■ No

    Do not list Debtor 1
    and Debtor 2.

    Do not state the
    dependents' names.

    ☐ Yes.  Fill out this information for each dependent..............

    | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
    |---|---|---|
    | | | ☐ No ☐ Yes |
    | | | ☐ No ☐ Yes |
    | | | ☐ No ☐ Yes |
    | | | ☐ No ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**

    ■ No
    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

| | | Your expenses |
|---|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ _____ 3,462.00

    **If not included in line 4:**

    | | | |
    |---|---|---|
    | 4a. | Real estate taxes | 4a. $ 0.00 |
    | 4b. | Property, homeowner's, or renter's insurance | 4b. $ 0.00 |
    | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 300.00 |
    | 4d. | Homeowner's association or condominium dues | 4d. $ 58.33 |

5.  **Additional mortgage payments for your residence,** such as home equity loans    5. $ 0.00

Debtor 1  Roger Alfred Knauf                                    Case number (if known)    8:15-bk-10087

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 300.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 160.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 280.00 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 500.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 100.00 |
| 10. | **Personal care products and services** | | 10. $ | 100.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 50.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 500.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 200.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 350.00 |
| | 15b. | Health insurance | 15b. $ | 384.00 |
| | 15c. | Vehicle insurance | 15c. $ | 211.00 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify:  federal income and self-emloyment taxes | | 16. $ | 400.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 540.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | | 18. $ | 400.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | | 21. +$ | 0.00 |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | | 22. $ | 8,295.33 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. | Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 3,400.00 |
| | 23b. | Copy your monthly expenses from line 22 above. | 23b. -$ | 8,295.33 |
| | 23c. | Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | -4,895.33 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

■ Yes.
Explain:  | Debtor anticipates increased income (see Schedule I) which would significantly increase taxes and living expenses. Debtor also owes over $200,000 in nondischargeable federal taxes. |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Middle District of Florida, Tampa Division

In re    Roger Alfred Knauf                                                    Case No.    8:15-bk-10087
                                                Debtor(s)                      Chapter    7

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___29___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    October 23, 2015                        Signature    /s/ Roger Alfred Knauf
                                                             Roger Alfred Knauf
                                                             Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Middle District of Florida, Tampa Division

In re    Roger Alfred Knauf                 Case No.    8:15-bk-10087

                        Debtor(s)            Chapter    7

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $108,000.00 | 2015 to date - Peak Asset Management, LLC (joint income with wife) |
| $3,000.00 | 2015 to date - Clearwater Debt Investment Group LLC and Clearwater Debt Investment Group II, LLC |
| $200,967.00 | 2014 - Peak Asset Management, LLC (joint income with wife) |
| $16,823.00 | 2014 - DS Portfolio Managment, LLC |
| $8,890.00 | 2014 - Clearwater Debt Investment Group, LLC |
| $4,019.00 | 2014 - Clearwater Debt Investment Group II, LLC |
| $192,113.00 | 2013 - Peak Asset Management, LLC (joint income with wife) |
| $8,681.00 | 2013 - R&M Property Leasing and Rentals |
| $10,058.00 | 2013 - Clearwater Debt Investment Group, LLC |
| $19,330.00 | 2013 - DS Portfolio Management |

2

| AMOUNT | SOURCE |
|---|---|
| $2,253.00 | 2013 - DS Data Services, LLC |
| $27,319.00 | 2013 - Clearwater Debt Investment Group, II, LLC |

---

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $92,910.00 | 2015 - inheritance |
| $101,750.00 | 2015 - Harris Schmidt (not income; repayment of loan but listed for fullest disclosure) |
| $50,902.00 | 2014 - retirement account withdrawals |
| $24,856.00 | 2014 - John Hancock Life Ins and Lincoln National Life. Ins. Co. |
| $44,882.00 | 2013 - retirement account distributions |
| $15,000.00 | 2013 - Lincoln National Life Ins. Co |

---

**3. Payments to creditors**

None ■

***Complete a. or b., as appropriate, and c.***

a.   *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225[*].  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| Specialized Loan Servicing, LLC 8742 Lucent Blvd. Suite 300 Littleton, CO 80129 | 7/10/15 - $3462.44 9/8/15 -  $3462.44 9/15/15 -  $3462.44 (mortgage on homestead) | $10,387.32 | $755,637.00 |
| American Express P.O. Box 650448 Dallas, TX 75265 | 7/13/15 - $1,684.52 7/20/15 - $8,000 7/27/15 - $246.46 8/3/15 - $436.20 | $10,367.18 | $15,493.01 |

---

[*] *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)                                                                                                                3

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| American Express<br>P.O. Box 650448<br>Dallas, TX 75265 | This credit card belongs to Gulfview Property Management, LLC, a corporation owned by Debtor's nonfiling spouse. In the last 3 months prepetition, Debtor made charges on this account. Charges were also made by Gulfview for its own purposes. The total repaid within 90 days prepetition was $8,407.08; however, Debtor has not yet calculated what portion of that was for charges he made and what portion was for charges of Gulfview. Charges alternated with payments - "subsequent new value." | $0.00 | $0.00 |

None
■    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| RREF RB Aquisitions vs. Roger Knauf, et. al., Case No. 12-13195-CI | Commercial foreclosure/garnishment on deficiency | Circuit Court for Pinellas County, Florida | Judgment entered, garnishment action proceeding |
| 1st United Bank vs. Envoy Enterprises, LLC et. al., Case No. 12-0490-CI-20 | Commercial foreclcosure/garnishment on deficiency | Circuit Court for Pinellas County, Florida | Judgment entered, garnishment action proceeding |

None
☐    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| RREF RB-FL RAK, LLC<br>790 NW 107th Avenue, Ste 400<br>Miami, FL 33172 | April 2015 | $107 garnished from checking acct. at JPMorgan Chase Bank |

B7 (Official Form 7) (04/13)                                                                                                     4

#### 5. Repossessions, foreclosures and returns

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF<br>CREDITOR OR SELLER | DATE OF REPOSSESSION,<br>FORECLOSURE SALE,<br>TRANSFER OR RETURN | DESCRIPTION AND VALUE OF<br>PROPERTY |
|---|---|---|
| BMO Harris Bank<br>180 Executive Drive<br>Brookfield, WI 53005 | | See no. 10, infra. |

#### 6. Assignments and receiverships

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF<br>ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CUSTODIAN | NAME AND LOCATION<br>OF COURT<br>CASE TITLE & NUMBER | DATE OF<br>ORDER | DESCRIPTION AND VALUE OF<br>PROPERTY |
|---|---|---|---|

#### 7. Gifts

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF<br>PERSON OR ORGANIZATION | RELATIONSHIP TO<br>DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND<br>VALUE OF GIFT |
|---|---|---|---|

#### 8. Losses

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE<br>OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF<br>LOSS WAS COVERED IN WHOLE OR IN PART<br>BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

#### 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYER IF OTHER<br>THAN DEBTOR | AMOUNT OF MONEY<br>OR DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                           5

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYER IF OTHER<br>THAN DEBTOR | AMOUNT OF MONEY<br>OR DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|
| Daniel J. Herman, Esq.<br>200 Clearwater-Largo Rd. S.<br>Largo, FL 33770-3235 | 8/31/2015<br>9/17/2015 | $880<br>$5000 |
| American Consumer Credit Counseling, Inc | 9/10/2015 | $50 |

---

### 10. Other transfers

None
☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED<br>AND VALUE RECEIVED |
|---|---|---|
| David Demers<br>Belcher Road<br>Clearwater, FL<br>    not related (Craigs List sale) | April 2015 | Sold 2007 Lexus (127,000 mi) for $10,200 |
| BMO Harris Bank<br>180 Executive Drive<br>Brookfield, WI 53005<br>    not related | October 2014 | To settle a foreclosure by BMO Harris Bank on three properties secured by four cross-collateralized notes, Debtor conveyed to the bank a cabin in Chetek, WI with an approximate value of $95,000 and Debtor paid $189,000 debt reduction. The remaining BMO Harris debt was paid off by refinance of the lodge property by the other two owners. |
| Debra D. Knauf<br>2832 Chelsea Place N.<br>Clearwater, FL 33759<br>    wife | | Debtor's income for several years has been from monies generated by interacting closely held corporate entities. The remitting entity has been Peak Asset Management, LLC, 50% of which is owned by Debtor and his nonfiling spouse as tenants by the entirities. Compensation was paid to Debtor and wife as joint shareholders. Direct deposits were made to a checking account at Regions Bank in Mrs. Knauf's name which is their designated "household account." |
| Pipe Dreams Partners, LLC<br><br>    closely held corporation | various | Debtor has made payments to Pipe Dream Partners, LLC to cover his membership share of the expenses of the lodge co-owned with the other members of the LLC (mortgage, insurance, taxes, utilities, and maintenance). Between April 25, 2014 and the petition date, Debtor has made payments totaling $56,184. |

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER<br>DEVICE | DATE(S) OF<br>TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND<br>VALUE OF PROPERTY OR DEBTOR'S INTEREST<br>IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12.  Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| Debra D. Knauf 2832 Chelsea Place N. Clearwater, FL 33759 | Debtor shares his homestead residence with his wife. Any personal property at the home not listed on Schedule B belongs to her | Debtor's Residence |

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

**18 . Nature, location and name of business**

None
☐    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |
| Peak Asset Management, LLC | 27-2148848 | 710 1st Avenue SW Clearwater, FL 33759 | debt purchaser | 2010 - current |
| R&M Property Leasing & Rentals, LLC | 35-2356444 | 710 1st Avenue SW Largo, FL 33770 | real estate | 2009 - current |
| Envoy Enterprises, LLC | 20-1227546 | 710 1st Avenue SW Largo, FL 33770 | real estate | 2004 - current |

B7 (Official Form 7) (04/13)                                                                                                                 8

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Ron & Rog Enterprises, LLC | 20-2006775 | 5682 Stag Thickett Lane Palm Harbor, FL 34685 | boat ownership | 2005 - 2009 |
| CLW Investment Group, LLC | 46-1559537 | 710 1st Avenue SW Largo, FL 33770 | debt settlement | 2012 - current |
| Full Circle Financial Services, LLC | 77-0706249 | 710 1st Avenue SW Largo, FL 33770 | collections | 2007 - current |
| DS Data Services, LLC | 46-28755303 | 710 1st Avenue SW Largo, FL 33770 | data processor | 2010 - current |
| RAK Group, LLC | 45-4180278 | 710 1st Avenue SW Largo, FL 33770 | holding company | 2012 - current |
| Knauf Properties, LLC | 20-2191565 | 710 1st Avenue SW Largo, FL 33770 | real estate | 2005 - 2011 |
| Peak Advantage, LLC | 38-3855042 | 710 1st Avenue SW Largo, FL 33770 | marketing | 2011 - 2015 |
| Clearwater Debt Investment Group, LLC | 27-0696866 | 8000 Norman Center Drive, Suite 115 Bloomington, MN 55437 | debt purchaser | 2009 - 2010 |
| Bonded Collectors, LLC | 04-3700670 | 710 1st Avenue SW Largo, FL 33770 | collections | 2002 - 2009 |
| Pipe Dream Partners, LLC | 25-4252401 | 8000 Norman Ctr. Dr., Suite 860 Minneapolis, MN 55437 | Formerly owned and now manages Wisconsin lodge | 2007 - current |

None
■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None
■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
■    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

B7 (Official Form 7) (04/13)                                                                                                                    9

| NAME | ADDRESS |
|------|---------|

None ■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

---

### 20. Inventories

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|------------------------------------------------------------------|

None ■    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|

---

### 21 . Current Partners, Officers, Directors and Shareholders

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

None ■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|------------------------------------------|

---

### 22 . Former partners, officers, directors and shareholders

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

---

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|-----------------------------------------------------|--------------------------------|------------------------------------------------------|

B7 (Official Form 7) (04/13)                                                                                                    10

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

B7 (Official Form 7) (04/13)                                                                                                    11

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    October 23, 2015                          Signature    /s/ Roger Alfred Knauf
                                                               Roger Alfred Knauf
                                                               Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Middle District of Florida, Tampa Division

In re    Roger Alfred Knauf                               Case No.    8:15-bk-10087

                                         Debtor(s)                 Chapter    7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

Property No. 1

| **Creditor's Name:**<br>Santander Consumer USA | **Describe Property Securing Debt:**<br>2011 Chevy Suburban |
|---|---|

Property will be (check one):
- ☐ Surrendered           ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ■ Other.  Explain   Retain and continue making payments.  Reaffirm if required by lender.   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt         ■ Not claimed as exempt

Property No. 2

| **Creditor's Name:**<br>Specialized Loan Servicing, LLC | **Describe Property Securing Debt:**<br>Homestead property located at 2832 Chelsea Place N.,<br>Clearwater, Florida 33759 |
|---|---|

Property will be (check one):
- ☐ Surrendered           ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ■ Other.  Explain   Debtor will retain collateral and continue to make regular payments   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt         ☐ Not claimed as exempt

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>Wyndham Vacation Resorts | **Describe Property Securing Debt:**<br>Wyndham Tennessee timeshare located in Fairfield Glades, TN - 400,000 points per year. |

Property will be (check one):

☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
■ Other.  Explain   Debtor will retain collateral and continue to make regular payments   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt          ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>-NONE- | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES          ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   October 23, 2015                    Signature   /s/ Roger Alfred Knauf
                                                        Roger Alfred Knauf
                                                        Debtor

| Fill in this information to identify your case: | Check one box only as directed in this form and in Form 22A-1Supp: |
|---|---|
| Debtor 1   Roger Alfred Knauf | ■ 1. There is no presumption of abuse |
| Debtor 2 (Spouse, if filing) | ☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 22A-2). |
| United States Bankruptcy Court for the:   Middle District of Florida, Tampa Division | ☐ 3. The Means Test does not apply now because of qualified military service but it could apply later. |
| Case number   8:15-bk-10087 (if known) | ☐ Check if this is an amended filing |

## Official Form 22A - 1
## Chapter 7 Statement of Your Current Monthly Income

12/14

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 22A-1Supp) with this form.

### Part 1:   Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you.** You and your spouse are:

   ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

   ☐ **Living separately or are legally separated.** fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  |  | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ _____ | $ _____ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ _____ | $ _____ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ _____ | $ _____ |

5. **Net income from operating a business, profession, or farm**

| | | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ _____ | | |
| Ordinary and necessary operating expenses | -$ _____ | | |
| Net monthly income from a business, profession, or farm | $ _____  Copy here -> | $ _____ | $ _____ |

6. **Net income from rental and other real property**

| | | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ _____ | | |
| Ordinary and necessary operating expenses | -$ _____ | | |
| Net monthly income from rental or other real property | $ _____  Copy here -> | $ _____ | $ _____ |

| 7. | **Interest, dividends, and royalties** | $ _____ | $ _____ |
|---|---|---|---|

Debtor 1    Roger Alfred Knauf                                Case number (*if known*)    8:15-bk-10087

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 8. **Unemployment compensation** | $ _____ | $ _____ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you .......................................................... $ _____

For your spouse .......................................... $ _____

| 9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. | $ _____ | $ _____ |

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total on line 10c.

| | Column A | Column B |
|---|---|---|
| 10a. _____ | $ _____ | $ _____ |
| 10b. _____ | $ _____ | $ _____ |
| 10c.  Total amounts from separate pages, if any. | + $ _____ | $ _____ |

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ _____  **+**  $ _____  **=**  $ _____

**Total current monthly income**

## Part 2:    Determine Whether the Means Test Applies to You

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11 ........................ **Copy line 11 here=>**    12a. $ _____

Multiply by 12 (the number of months in a year)    **x 12**

12b. The result is your annual income for this part of the form    12b. $ _____

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    [        ]

Fill in the number of people in your household.    [        ]

Fill in the median family income for your state and size of household. ..................    13. $ _____

14. **How do the lines compare?**

14a.  ☐  Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.* Go to Part 3.

14b.  ☐  Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 22A-2.* Go to Part 3 and fill out Form 22A-2.

## Part 3:    Sign Below

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

**X**  /s/ Roger Alfred Knauf

Roger Alfred Knauf

Signature of Debtor 1

Date  October 23, 2015

MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 22A-2.

If you checked line 14b, fill out Form 22A-2 and file it with this form.

---

**Fill in this information to identify your case:**

Debtor 1    Roger Alfred Knauf

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    Middle District of Florida, Tampa Division

Case number    8:15-bk-10087
(if known)

☐ Check if this is an amended filing

---

## Official Form 22A - 1Supp
## Statement of Exemption from Presumption of Abuse Under § 707(b)(2)    12/14

File this supplement together with *Chapter 7 Statement of Your Current Monthly Income* (Official Form 22A-1), if you believe that you are exempted from a presumption of abuse. Be as complete and accurate as possible. If two married people are filing together, and any of the exclusions in this statement applies to only one of you, the other person should complete a separate Form 22A-1 If you believe that this is required by 11 U.S.C. § 707(b)(2)(C).

| **Part 1:** | **Identify the Kind of Debts You Have** |
|---|---|

1. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." Make sure that your answer is consistent with the "Nature of Debts" box on page 1 of the *Voluntary Petition* (Official Form 1).

    ■ No.    Go to Form 22A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 22A-1.

    ☐ Yes.   Go to Part 2.

| **Part 2:** | **Determine Whether Military Service Provisions Apply to You** |
|---|---|

2. **Are you a disabled veteran** (as defined in 38 U.S.C. § 3741(1))?

    ☐ No.    Go to line 3.

    ☐ Yes.   Did you incur debts mostly while you were on active duty or while you were performing a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

        ☐ No.    Go to line 3.

        ☐ Yes.   Go to Form 22A-1: on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 22A-1.

3. **Are you or have you been a Reservist or member of the National Guard?**

    ☐ No.    Complete Form 22A-1. Do not submit this supplement.

    ☐ Yes.   Were you called to active duty or did you perform a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

        ☐ No.    Complete Form 22A-1. Do not submit this supplement.

        ☐ Yes.   Check any one of the following categories that applies:

| | |
|---|---|
| ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and remain on active duty. | If you checked one of the categories to the left, go to Form 22A-1. On the top of page 1 of Form 22A-1, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 22A-1. you are not required to fill out the rest of Official Form 22A-1 during the exclusion period. *The exclusion period* means the time you are on active duty or are performing a homeland defense activity, and for 540 days afterward. 11 U.S.C. § 707(b)(@)(D)(ii). |
| ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and was released from active duty on _____ ,which is fewer than 540 days before I file this bankruptcy case. | |
| ☐ **I am performing a homeland defense activity for at least 90 days.** | |
| ☐ **I performed a homeland defense activity for at least 90 days**, ending on _____ ,which is fewer than 540 days before I file this bankruptcy case. | If your exclusion period ends before your case is closed, you may have to file an amended form later. |

---

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com